UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal Action No. 00-157-13 (RCL) |
| v.  ) | |
| ) | |
| WILFORD OLIVER  ) | |
| ) | FILED |
| Defendant.  ) | DEC 1 5 2008 |
| ) | Clerk, U.S. District and Bankruptcy Courts |

MEMORANDUM & ORDER

I. **INTRODUCTION**

Now before the Court is defendant Oliver's motion [2372] pursuant to 18 U.S.C. 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines. Upon consideration of the motion, the United States opposition [2381], applicable law, and the entire record herein, the motion will be DENIED.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was involved in a large drug ring operating out of the D.C. area. On July 31, 2003, the defendant pleaded guilty to a criminal information charging him with conspiracy to distribute and to possess with intent to distribute fifty grams or more of "crack" cocaine. He did so pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C). Since the time of his sentence, the United States Sentencing Commission has lowered the applicable sentencing guidelines for crack cocaine offenses and made the guidelines retroactive. U.S.S.G., Supplement to Appendix C, Amendments 706, 711 (Nov. 1, 2007); 18 U.S.C. § 3582(c)(2). Accordingly, defendant has

filed a *pro se* motion for a reduction in his sentence. Because his request is contrary to the 18 U.S.C. § 3582(c)(2), the rules of criminal procedure, the sentencing guidelines, and applicable case law, his motion will be denied.

### III.  ANALYSIS

The place to start is with the statute that supposedly confers jurisdiction on this Court to reduce the defendant's sentence. 18 U.S.C. § 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . .

(emphasis added). However, a plea agreement pursuant to Rule 11(c)(1)(C) is not a sentence "based on a sentencing range" that has been set by the Sentencing Commission. The D.C. Circuit has stated that "[a] sentence arising from a Rule 11(e)(1)(C)[1] plea, however, does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court." *United States v. Heard*, 359 F.3d 544, 548 (D.C. Cir. 2004) (citing Fed. R. Crim. P. 11(e)(1)(C)). Accordingly, 18 U.S.C. § 3582(c)(2) has no application to the present case.

Moreover, as noted by the D.C. Circuit, the rule of criminal procedure under which Oliver entered his plea does not allow for the Court to modify his sentence. Federal Rule of Criminal Procedure 11(c)(1)(C) states that an agreement on a sentence under this rule "binds the court once the court accepts the plea agreement." Certainly, the sentencing guidelines may have

---

[1] Rule 11(e)(1)(C) has since been renumbered as 11(c)(1)(C).

some bearing on what sentence a defendant decides to plead to because they help inform the defendant of what sentence he could be facing in the event that he decides to go to trial. Nevertheless, as noted by the rule, the ultimate agreement is a contract signed by the parties and is not a result of the Court consulting the sentencing guidelines and sentencing the defendant accordingly. Indeed, when a Court accepts a Rule 11(c)(1)(C) plea it forgoes that opportunity. As a result, the Court has no power to modify the sentence under the Federal Rules of Criminal Procedure.

The sentencing guidelines themselves also counsel against the defendant's request. Section 1B1.10 of the sentencing guidelines, which governs retroactively lowering a defendant's sentence, states that a court may only reduce a defendant's sentence as provided by 18 U.S.C. § 3582(c)(2). In other words, the sentencing guidelines do not confer on defendants additional avenues for challenging a sentence. And, as noted above, § 3582(c)(2) itself only allows for a sentencing reduction if the defendant was originally sentenced under the guidelines. *Cf. United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C. Cir. 2001) (per curiam) (stating that if a defendant is sentenced to a statutorily mandated minimum sentence the district court has no authority to reduce a sentence under 18 U.S.C. § 3582(c)(2)).

Finally, other federal courts have thus far[2] rejected similar motions in the specific context

---

[2]Amendment 706 of the Sentencing Guidelines generally reduces by two levels the offense level that is applicable to cocaine base offenses. The Commission set March 3, 2008 as the date that Amendment 706 could be applied retroactively. As a result, decisions on this precise issue are of recent vintage. However, previous decisions addressing this issue with regard to other amendments to the sentencing guidelines have reached the same conclusion. *See, e.g., United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) ("[T]he plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guidelines utilized to determine

of the retroactive crack cocaine amendments to the sentencing guidelines. *See, e.g., United States v. Grigsby*, 560 F. Supp. 2d 1066, 1067–68 (D. Colo. 2008); *United States v. Johnson*, No. 05-40107-01-RDR, 2008 WL 4758581, *1 (D. Kan. Oct. 27, 2008); *United States v. Fonville*, No. 01-1015-LRR, 2008 WL 2953610, *2 (N.D. Iowa July 29, 2008); *United States v. Tindall*, No. 04-00031-2, 2008 WL 2518546, *1 (W.D. Va. June 19, 2008); *United States v. Clayborn*, No. 05-51-01, 2008 WL 2229531, *2 (M.D. Pa. May 28, 2008); *United States v. Gordon*, No. 97-24-FHS, 2008 WL 901911, *1 (E.D. Okla. Mar. 31, 2008). Those courts, like this one, had no trouble rejecting similar motions for the reasons articulated above.

## IV.   CONCLUSION AND ORDER

Because the defendant was sentenced pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), this Court has no power to modify his sentence under 18 U.S.C. 3582(c)(2). Accordingly, it is hereby

ORDERED that defendant's motion [2372] is denied.

SO ORDERED.

_____          _12/15/08_____
Chief Judge Royce C. Lamberth                               Date

---

the defendant's sentence.").